111 Broadway, Suite 1305
New York, NY 10006
212.264.9940
Fax 212.346.4665
neil@checkmanlaw.com
www.checkmanlaw.com

LAW OFFICES OF NEIL B. CHECKMAN

March 11, 2014

Hon. Shira A. Scheindlin
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: **United States v. Allie, et al., (Luis Guzman),**
     **13 Cr. 242 (SAS)**

Dear Judge Scheindlin:

I am the attorney assigned pursuant to the Criminal Justice Act to represent Luis Guzman on the above-referenced Indictment. On December 3, 2013, Mr. Guzman entered a plea of guilty before the Hon. James Francis to a lesser-included charge under Count One of the Indictment. 21 U.S.C. §841(b)(1)(B). He is scheduled for sentencing before this Court on April 7, 2014 at 4:30 p.m. Mr. Guzman faces a five-year mandatory minimum sentence pursuant to his plea of guilty.

It is respectfully requested that the Court adjourn Mr. Guzman's sentencing pending Congressional action on the Smarter Sentencing Act, which could have an impact on Mr. Guzman's sentence.

**Reasons for this Request**

In has become apparent that the Smarter Sentencing Act (SSA) has reached the point at which Congress may pass legislation in the relatively near future. If enacted, the SSA would, among other provisions, reduce the five-year mandatory minimum sentence to two (2) years. In addition, the Act would give federal courts enhanced discretion to deviate from any mandatory minimum sentence.

The Act, S.1410 (attached as Exhibit A), was approved by a bipartisan Senate Judiciary Committee vote and sent to the Senate floor on January 30, 2014. An identical bill, H.R. 3382, sponsored by the Republican Representative Raul Labrador of Idaho, is pending before the House Judiciary Committee. In addition, Attorney General Eric Holder endorsed the passage of

this legislation on January 23, 2014 (DOJ press release attached as Exhibit B). In that press release General Holder describes the present mandatory minimums as "excessive".

I have spoken with A.U.S.A. Amy Lester, who has informed me that the Government will oppose this application. However, the granting of the requested adjournment will not prejudice the Government in any way, as Mr. Guzman remains in custody. In addition, even if the SSA passes, the Government may still raise whatever sentencing arguments for the sentence that the Government believes, under the circumstances, are reasonable. On the other hand, Mr. Guzman, who might be sentenced under a mandatory minimum sentencing regimen which might be overturned by legislation in the near future, will be severely prejudiced if sentenced as scheduled.

Additionally, the sentencing Commission has proposed an amendment that would reduce all drug offense levels by two levels. The Commission requested public comment on this proposed amendment and has scheduled a public hearing for March 13, 2014, The Guideline change in the drug quantity table would become effective concurrent with issuance of the November 2014 Sentencing Guidelines Manual. In a Sentencing Commission release connected with that amendment, the Chair of the United States Sentencing Commission, the Hon. Patti B. Saris, District Judge in the District of Massachusetts, explained that "the Commission's proposal reflects its priority of reducing costs of incarceration and over capacity of prisons, without endangering the public safety."

**Other Cases Where Similar Requests Have Been Made**

Counsel has reviewed a submission to the Hon. Victor Marrero by my colleague Joshua Dratel, who has provided that Court with a collection of cases in which courts have granted adjournments of sentencing based upon the SSA. With thanks to Mr. Dratel, I provide that listing below:

In United States v. Medina, 09 Cr. 983 (DAB), Judge Deborah A.Batts adjourned sentencing eleven (11) months sine non, which may be at a date after the adoption of the Proposed Amendment reducing the offense levels for drug quantity. Judge Batts also based her decision on the SSA.

In United States v. Tingham, 11 Cr. 1040 (SHS), Judge Sidney H. Stein stayed sentencing for three months, see Docket #239, after a January 30, 2014 application by defense counsel in that case. But see, United States v. Olivares, 05 Cr. 6094 (SHS), 2006 WL 2057188 at *4 ("Olivares has cited no law establishing a defendant's right to have his sentencing adjourned on the chance that an intervening change in the law might work to his benefit.")

In United States v. Bones, 11 cr. 0444 (RRM), on February 21st, in the Eastern District of New York, Judge Rosalyn R. Mauskopf adjourned sentencing 60 days, and scheduled a status

conference at that time for an update on the SSA's progress.

In United States v.Suarez, 12 Cr. 71 (ADS), in the Eastern District of New York, Judge Arthur D. Spatt adjourned sentencing for three months.

In United States v. Sannie Larry, also in the Eastern District of New York, Judge I. Leo Glasser adjourned sentencing for three months, as well.

In United States v. England, 13 Cr. 18 (SRU) in the District of Connecticut, Judge Stefan R. Underhill adjourned sentencing based upon the SSA.

In United States v. Knowles, et al., 11 cr. 630 (KMK) Judge Kenneth M. Karas stayed the issuance of Judgements indefinitely in the cases of two sentenced defendants. See, Docket #884. The defendants, Tyree Hughes and Travis Robinson made those applications based upon the fact that the Judiciary Committee approved the Act and sent it to the floor of the U.S. Senate fort a vote. These applications also noted that a similar bill was presently before the House Judiciary Committee. In addition, counsel for both defendants also noted that on January 17th, the Sentencing Commission issued the proposed drug quantity amendment that would reduce the guidelines by two levels. Mr. Hughes faced a mandatory minimum five year sentence and received a sentence of 70 months imprisonment. Mr. Robinson faced a mandatory 10 year minimum sentence and received the mandatory minimum of 120 months.

We are aware of three cases in which courts have denied adjournments. In United States v. Camacho, 13 Cr. 58 (KBF), Judge Katherine B. Forrest denied the defendant's application for an adjournment. According to defense attorneys in that case, Judge Forrest stated that the SSA and proposed guidelines amendment could be argued at sentencing, but informed the parties that even if the SSA were already in effect she would not only sentence the defendant above the ten year mandatory minimum term, but, based upon aggravating factors pertinent to that defendant, above even his guidelines range. Also, in United States v. Moye, 12 cr. 862 (AJN), Judge Alison J. Nathan denied the defendant's application for an adjournment without explanation. Finally, in United States v. Melvin, 10 Cr. 391 (CM), Judge Colleen McMahon denied an adjournment, but has yet to decide whether she would file the judgment.

**Conclusion**

Should Mr. Guzman be sentenced as scheduled, it may well create just the type of unwarranted sentence disparity that the sentencing statute seeks to avoid. 18 U.S.C. 3553(a)(6). Moreover, should Mr. Guzman be sentenced under a sentencing scheme that the Attorney General deems "excessive", such a sentence would not be in the public interest, nor would it constitute a "just" sentence.

Accordingly, counsel requests that the Court adjourn Mr. Guzman's sentence until Congress has had an opportunity to determine whether to pass the SSA and to determine whether the recommended guidelines amendment are enacted.

We thank the Court for considering this application.

Very truly yours,

Neil B. Checkman

/NBC
enclosures
cc: A.U.S.A.s Amy Lester and Jessica Ortiz (By regular mail, ECF, and e-mail)
    Mr. Luis Guzman (By regular mail)

EXHIBIT A

113TH CONGRESS
1ST SESSION

# S. 1410

To focus limited Federal resources on the most serious offenders.

---

## IN THE SENATE OF THE UNITED STATES

JULY 31, 2013

Mr. DURBIN (for himself, Mr. LEE, and Mr. LEAHY) introduced the following bill; which was read twice and referred to the Committee on the Judiciary

---

# A BILL

To focus limited Federal resources on the most serious offenders.

1     *Be it enacted by the Senate and House of Representa-*

2 *tives of the United States of America in Congress assembled,*

3 **SECTION 1. SHORT TITLE.**

4     This Act may be cited as the "Smarter Sentencing

5 Act of 2013".

6 **SEC. 2. APPLICABILITY OF STATUTORY MINIMUMS.**

7     Section 3553(f)(1) of title 18, United States Code,

8 is amended by striking "defendant" and all that follows

9 through "point" and inserting "criminal history category

10 for the defendant is not higher than category 2".

## SEC. 3. CLARIFICATION OF APPLICABILITY OF THE FAIR
##           SENTENCING ACT.

3    (a) DEFINITION OF COVERED OFFENSE.—In this
4 section, the term "covered offense" means a violation of
5 a Federal criminal statute, the statutory penalties for
6 which were modified by section 2 or 3 of the Fair Sen-
7 tencing Act of 2010 (Public Law 111–220; 124 Stat.
8 2372), that was committed before August 3, 2010.

9    (b) DEFENDANTS PREVIOUSLY SENTENCED.—A
10 court that imposed a sentence for a covered offense, may,
11 on motion of the defendant, the Director of the Bureau
12 of Prisons, the attorney for the Government, or the court,
13 impose a reduced sentence as if sections 2 and 3 of the
14 Fair Sentencing Act of 2010 (Public Law 111–220; 124
15 Stat. 2372) were in effect at the time the covered offense
16 was committed.

17    (c) LIMITATIONS.—No court shall entertain a motion
18 made under this section to reduce a sentence if the sen-
19 tence was previously imposed or previously reduced in ac-
20 cordance with the amendments made by sections 2 and
21 3 of the Fair Sentencing Act of 2010 (Public Law 111–
22 220; 124 Stat. 2372) or if a motion made under this sec-
23 tion to reduce the sentence was previously denied. Nothing
24 in this section shall be construed to require a court to re-
25 duce any sentence pursuant to this section.

1 **SEC. 4. SENTENCING MODIFICATIONS FOR CERTAIN DRUG**
2         **OFFENSES.**

3     (a) CONTROLLED SUBSTANCES ACT.—Section
4 401(b)(1) of the Controlled Substances Act (21 U.S.C.
5 841(b)(1)) is amended—

6         (1) in subparagraph (A), in the flush text fol-
7     lowing clause (viii)—

8         (A) by striking "10 years or more" and in-
9         serting "5 years or more"; and

10         (B) by striking "such person shall be sen-
11         tenced to a term of imprisonment which may
12         not be less than 20 years and" and inserting
13         "such person shall be sentenced to a term of
14         imprisonment which may not be less than 10
15         years and"; and

16         (2) in subparagraph (B), in the flush text fol-
17     lowing clause (viii)—

18         (A) by striking "5 years" and inserting "2
19         years"; and

20         (B) by striking "not be less than 10 years"
21         and inserting "not be less than 5 years".

22     (b) CONTROLLED SUBSTANCES IMPORT AND EXPORT
23 ACT.—Section 1010(b) of the Controlled Substances Im-
24 port and Export Act (21 U.S.C. 960(b)) is amended—

25         (1) in paragraph (1), in the flush text following
26     subparagraph (II)—

1           (A) by striking "not less than 10 years"

2        and inserting "not less than 5 years"; and

3           (B) by striking "such person shall be sen-

4        tenced to a term of imprisonment of not less

5        than 20 years" and inserting "such person shall

6        be sentenced to a term of imprisonment of not

7        less than 10 years"; and

8        (2) in paragraph (2), in the flush text following

9 subparagraph (H)—

10           (A) by striking "5 years" and inserting "2

11        years"; and

12           (B) by striking "10 years" and inserting

13        "5 years".

## SEC. 5. DIRECTIVE TO THE SENTENCING COMMISSION.

15        (a) DIRECTIVE TO SENTENCING COMMISSION.—Pur-

16 suant to its authority under section 994(p) of title 28,

17 United States Code, and in accordance with this section,

18 the United States Sentencing Commission shall review and

19 amend, if appropriate, its guidelines and its policy state-

20 ments applicable to persons convicted of an offense under

21 section 401 of the Controlled Substances Act (21 U.S.C.

22 841) or section 1010 of the Controlled Substances Import

23 and Export Act (21 U.S.C. 960) to ensure that the guide-

24 lines and policy statements are consistent with the amend-

25 ments made by sections 2 and 4 of this Act and reflect

1 the intent of Congress that such penalties be decreased

2 in accordance with the amendments made by section 4 of

3 this Act.

4      (b) CONSIDERATIONS.—In carrying out this section,

5 the United States Sentencing Commission shall con-

6 sider—

7          (1) the mandate of the United States Sen-

8      tencing Commission, under section 994(g) of title

9      28, United States Code, to formulate the sentencing

10      guidelines in such a way as to "minimize the likeli-

11      hood that the Federal prison population will exceed

12      the capacity of the Federal prisons";

13          (2) the findings and conclusions of the United

14      States Sentencing Commission in its October 2011

15      report to Congress entitled, Mandatory Minimum

16      Penalties in the Federal Criminal Justice System;

17          (3) the fiscal implications of any amendments

18      or revisions to the sentencing guidelines or policy

19      statements made by the United States Sentencing

20      Commission;

21          (4) the relevant public safety concerns involved

22      in the considerations before the United States Sen-

23      tencing Commission;

1    (5) the intent of Congress that penalties for

2    violent and serious drug traffickers who present pub-

3    lic safety risks remain appropriately severe; and

4    (6) the need to reduce and prevent racial dis-

5    parities in Federal sentencing.

6    (c) EMERGENCY AUTHORITY.—The United States

7    Sentencing Commission shall—

8    (1) promulgate the guidelines, policy state-

9    ments, or amendments provided for in this Act as

10    soon as practicable, and in any event not later than

11    120 days after the date of enactment of this Act, in

12    accordance with the procedure set forth in section

13    21(a) of the Sentencing Act of 1987 (28 U.S.C. 994

14    note), as though the authority under that Act had

15    not expired; and

16    (2) pursuant to the emergency authority pro-

17    vided under paragraph (1), make such conforming

18    amendments to the Federal sentencing guidelines as

19    the Commission determines necessary to achieve

20    consistency with other guideline provisions and ap-

21    plicable law.

22    **SEC. 6. REPORT BY ATTORNEY GENERAL.**

23    Not later than 6 months after the date of enactment

24    of this Act, the Attorney General shall submit to the Com-

25    mittees on the Judiciary of the House of Representatives

1 and the Senate a report outlining how the reduced expend-

2 itures on Federal corrections and the cost savings result-

3 ing from this Act will be used to help reduce overcrowding

4 in the Federal Bureau of Prisons, help increase proper in-

5 vestment in law enforcement and crime prevention, and

6 help reduce criminal recidivism, thereby increasing the ef-

7 fectiveness of Federal criminal justice spending.

○

# EXHIBIT B

**JUSTICE NEWS**

### Department of Justice

Office of Public Affairs

FOR IMMEDIATE RELEASE                              Thursday, January 23, 2014

### Attorney General Eric Holder Urges Congress to Pass Bipartisan 'Smarter Sentencing Act' to Reform Mandatory Minimum Sentences

U.S. Attorney General Eric Holder on Thursday urged Congress to pass the bipartisan Smarter Sentencing Act, introduced by Senators Dick Durbin and Mike Lee. A copy of the Attorney General's statement, which was recorded as an online video, appears below:

"Our criminal justice system works only when all Americans are treated equally under the law.

That's why, in 2010, Congress passed the landmark Fair Sentencing Act, marking the culmination of persistent efforts – with the leadership of President Obama – to reduce unjust disparities in sentencing for similar offenses involving different types of drugs.

More recently, President Obama took another step by commuting the sentences of eight individuals who were sentenced under the outdated sentencing regime.

And at the Justice Department, we've announced additional reforms – under our "Smart on Crime" initiative – to ensure that individuals accused of certain low-level federal drug crimes no longer face excessive mandatory minimum sentences that are out of proportion with their alleged conduct – and serve no deterrent purpose.

These reforms have the potential to help make our criminal justice system not only fairer, but also – by reducing the burden on our overcrowded prison system – more efficient.

And now, we have the opportunity for leaders from both parties to come together to do even more.

Today, I'm urging Congress to pass common-sense reforms like the bipartisan Smarter Sentencing Act, introduced by Senators Dick Durbin and Mike Lee – which would give judges more discretion in determining appropriate sentences for people convicted of certain federal drug crimes.

This bill would also provide a new mechanism for some individuals – who were sentenced under outdated laws and guidelines – to petition judges for sentencing reductions that are consistent with the Fair Sentencing Act.

Thanks to the leadership of Senators Durbin and Lee – along with Chairman Patrick Leahy and Senator Rand Paul – it's clear that these and similar proposals enjoy bipartisan support on Capitol Hill.

These reforms would advance the goals of the Smart on Crime initiative – and other efforts that are currently underway – by fundamentally improving policies that exacerbate, rather than alleviate, key criminal justice challenges.

And such legislation could ultimately save our country billions of dollars in prison costs while keeping us safe.

I look forward to working with members of both parties to refine and advance these proposals in the days ahead.

And I pledge my own best efforts – and those of my colleagues throughout the Justice Department – to continue to strengthen America's criminal justice system, and to build the more just society that everyone in this country deserves."

The full video message can be viewed online at: http://www.justice.gov/agwa.php.

14-068                                                                                          Attorney General