*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 14, 2014

**BY ECF**

The Honorable Shira A. Scheindlin
United States District Judge
Southern District of New York
Daniel P. Moynihan U.S. Courthouse
500 Pearl Street, Suite 1620
New York, New York 10007

      Re:    *United States* v. *Luis Guzman*,
              13 Cr. 242 (SAS)

Dear Judge Scheindlin:

      The Government writes in response to defendant Luis Guzman's request for his sentencing hearing to be adjourned pending Congressional action on the Smarter Sentencing Act ("SSA"), as set forth in a letter to the Court dated March 11, 2014. For the following reasons, the Court should deny the request and sentence Guzman as scheduled on April 7, 2014 at 4:30 p.m.

      First, it is unclear whether the SSA, if passed, would even apply to Guzman. Pursuant to Title 1, United States Code, Section 109, Guzman would be liable under the statute in place at the time of his commission of the crime of conviction absent explicit direction or necessary implication otherwise. Accordingly, as this Court is well-aware, absent explicit direction or necessary implication otherwise, this Court must sentence Guzman pursuant to the criminal statutes in place at the time of his offense, that is, prior to the potential passage of the SSA. The draft of the SSA presently before the Senate contains no clause rendering the SSA retroactively applicable. And, although the Supreme Court recently decided that the Fair Sentencing Act of 2010 ("FSA") would apply to defendants sentenced after its passage, irrespective of when they committed their crimes, *see Dorsey* v. *United States*, 132 S. Ct. 2321 (2012), that opinion relied on relatively unique features of the FSA, including the fact that it was intended to reduce certain crack/powder sentencing disparities that are not the subject of the SSA, *id.* at 2333. It is therefore unclear whether the SSA—if ever enacted—would apply to Guzman in the first place.[1]

---

[1] The procedural history of the SSA shows that it is far from certain that it will pass. The bill, designated S. 1410, was introduced in the Senate and reported to the Senate Judiciary Committee almost eight months ago, on July 31, 2013, and was reported by the Senate Judiciary Committee to the floor of the Senate on January 30, 2014. The Senate has not voted on the SSA. An identical bill, designated H.R. 3382, was introduced in the House of Representatives on October 30, 2013. That same day, it was referred to two separate committees: the House Energy and

Hon. Shira A. Scheindlin
March 14, 2014
Page 2 of 3

Second, there is no law "establishing a defendant's right to have his sentencing adjourned on the chance that an intervening change in the law might work to his benefit." *United States* v. *Olivares*, No. 05 Cr. 6094 (SHS), 2006 WL 2057188, at *4 (S.D.N.Y. July 24, 2008). Thus, for example, the Honorable John M. Gerrard, United States District Judge in the District of Nebraska, when faced precisely the same request as Guzman's with respect to the SSA, denied that request, noting, among other things, the number of Courts of Appeal that have agreed that a defendant does not have a right to a continuance pending potential legislation:

> Such uncertainty is why courts have consistently affirmed the denial of continuances requested by a defendant to await potential legislation. *See United States* v. *Cook*, 375 Fed. Appx. 657, 658 (8th Cir. 2010); *see also*, *United States* v. *Fields*, 699 F.3d 518, 522–23 (D.C. Cir. 2012); *United States* v. *McMahon*, 422 Fed. Appx. 523, 525 (6th Cir. 2011); *United States* v. *McClendon*, 379 Fed. Appx. 898, 900 (11th Cir. 2010); *cf. United States* v. *Bonner*, No. 09–2352, 2010 WL 226351, at *3 (3d Cir. Jan. 21, 2010). "Pending legislation is generally too removed for ... district courts to consider at sentencing," especially where there is "no indication of whether or when such a bill would be considered by the full House of Representatives, or the Senate, let alone whether or when such bill would be passed by either house of Congress or signed into law by the President." *United States* v. *Lawrence*, 662 F.3d 551, 558 (D.C. Cir. 2011).
>
> Fed. R. Crim. P. 32(b) requires the Court to "impose sentence without unnecessary delay." It would not be appropriate, much less necessary, for the Court to delay sentencing indefinitely "because of the chance that Congress *may* pass and the President *may* sign legislation at some unknown point in the future that turned out to be beneficial to the [defendant]." *Bonner*, at *3 (emphasis in original); *accord McMahon*, 422 Fed. Appx. at 525; *see also McClendon*, 379 Fed. Appx. at 900 (invoking Rule 32(b)). And the consequences of the defendant's reasoning would be startling if taken to its necessary end: in addition to reducing drug offense sentences, the Smarter Sentencing Act would afford safety valve relief to any defendant whose criminal history category was not higher than 2, while the Justice Safety Valve Act would permit a sentencing court to vary below nearly every statutory minimum in the United States Code. *See*, S. 1410 § 2; S. 619 § 2. Given the scope of the proposals and the proportion of the Court's docket that consists of drug offense prosecutions, the continuance of every sentencing that might be affected by this legislation could

---

Commerce Committee, and the House Judiciary Committee, each of which then referred the bill to a subcommittee. The bill has not made it out of either subcommittee, much less both committees.

>effectively halt criminal sentencing district-wide. It should be self-evident why the Court cannot countenance such a policy.

*United States* v. *Fuller*, — F. Supp. 2d —, No. 8:13 Cr. 227, 2014 WL 303999, at *2 (D. Neb. Jan. 14, 2014). Judge Gerrard's logic—supported by numerous Courts of Appeal—applies with equal force here.

Accordingly, several judges in this district have denied requests similar to that made by Guzman. For example, the Honorable Katherine B. Forrest denied an adjournment request in *United States* v. *Javion Camacho*, 13 Cr. 58 (KBF) (S.D.N.Y. Feb. 6, 2014) (endorsed letter stating "You can raise any issues at the 2/24 sentencing. The Court intends to proceed on that date. The Guidelines are advisory only and the Court applies 3553(a) to ultimately decide the sentence."). In *United States* v. *Jason Moye*, 12 Cr. 862 (AJN) (S.D.N.Y. Feb. 18, 2014), the Honorable Alison J. Nathan denied a similar request in a drug case. The Honorable Richard J. Sullivan also denied a request for an adjournment in *United States* v. *Franklin Nunez*, 13 Cr. 167 (RJS) (S.D.N.Y. Feb. 27, 2014). *See also United States* v. *Rahsaan Melvin*, 10 Cr. 391 (CM) (S.D.N.Y. Feb. 24, 2014) (Judge McMahon); *United States* v. *Richard Palmer*, 12 Cr. 712 (SHS) (S.D.N.Y. Feb. 25, 2014) (Judge Stein).

As Guzman points out, however, other judges in this district have granted similar requests. *See United States* v. *Luis Arteaga, Jr.*, 12 Cr. 859 (VM) (S.D.N.Y. Feb. 26, 2014) (adjourning sentence until May 2, 2014, where the defendant faces a 5-year mandatory minimum sentence); *see also United States* v. *Jonathan Medina*, 09 Cr. 983 (DAB) (S.D.N.Y. Feb. 18, 2014) (oral order granting adjournment of sentencing *sine die*); *United States* v. *Marion Tinghman*, 11 Cr. 1040 (SHS) (S.D.N.Y. Feb. 27, 2014) (granting adjournment to May 15, 2014, and noting that no further adjournments would be granted); *accord United States* v. *Tyree Hughes and Travis Robinson*, 11 Cr. 630 (KMK) (S.D.N.Y. Feb. 12, 2014) (holding judgments of sentenced defendants in abeyance "and plac[ing] the matter on the Court's calendar for a status conference").

For the foregoing reasons, the Court should deny Guzman's application and proceed to sentencing on April 7, 2014, as scheduled.

Respectfully submitted,

PREET BHARARA
United States Attorney

By:     s/ Amy Lester    
Amy Lester / Jared Lenow
Assistant United States Attorneys
Tel.: (212) 637-2416 / 1068

cc:     Neil B. Checkman, Esq. (By E-mail)