

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York  10007*

July 3, 2014

**BY ECF AND EMAIL**

Hon. Shira A. Scheindlin
United States District Judge
Southern District of New York
500 Pearl St.
New York, NY 10007-1312

      Re:    *United States v. Luis Guzman*, S4 13 Cr. 242

Dear Judge Scheindlin:

      The defendant is scheduled to be sentenced in this matter on July 7, 2014, at 4:30 p.m. For the reasons explained below, the Government respectfully submits that a Guidelines Sentence, with a two-level downward variance, be imposed at sentencing, which would result in a sentence of 41 to 51 months' imprisonment.

## Background

      The defendant was one of approximately 30 targets of a joint investigation by the New York City Police Department and the Federal Bureau of Investigation into heroin and crack cocaine trafficking and violence by the Briggs Avenue Organization, a criminal organization that operated in the area of 194th Street and Briggs Avenue in the Bronx, New York.  At this time, almost all of the targets of that investigation have pled guilty pursuant to plea agreements with the Government.

      The Government generally views each of the defendants in this case as fitting into one of three categories: (1) leader; (2) those with a more intermediate role, such as manager, high-level street seller, or someone responsible for storing large amounts of narcotics; or (3) low-level street seller.  The Government made plea offers based on these classifications.  The Government did not use role adjustments to distinguish defendants from each other, but rather used the various statutory penalty provisions based on drug weight set out in 21 U.S.C. § 841(b)(1) as a proxy for role in the organization: leaders were given offers with the drug weight set out in Section 841(b)(1)(A); those who played a more intermediate role were given offers with the drug

1

weight set out in Section 841(b)(1)(B); and low-level street sellers were given offers with a lower drug weight. Within these broad categories, the Government also considered a defendant's criminal history, or lack thereof, and other mitigating or aggravating factors in deciding on an appropriate plea offer.

### **The Defendant**

The Government views the defendant, Luis Guzman, as higher-level street seller, placing him towards the bottom of the middle-tier of defendants, with some mitigating factors, including his youth and lack of a significant criminal history. The defendant was the first defendant to plead guilty in this case, and initially pled guilty to conspiring to violate Section 841(b)(1)(B), which would have resulted in a five-year mandatory minimum sentence. However, the Government reevaluated its position in light of the facts applicable to this defendant, and guidance from the Attorney General concerning the use of mandatory-minimum sentences in narcotics cases, and decided that the defendant should be eligible for a sentence that did not include a mandatory minimum term of incarceration. Consequently, the Government agreed to accept a plea with the same Guidelines drug weight as in the original plea agreement, but without a mandatory minimum sentence.

For the reasons set forth above, the Government respectfully submits that a Guidelines Sentence, with a two-level downward variance pursuant to the current policy of the Department of Justice that such a variance is generally warranted from the offense level specified in Section 2D1.1(c) of the November 1, 2013 version of the Guidelines manual, be imposed at sentencing, which would result in a sentence of 41 to 51 months' imprisonment.

          Respectfully submitted,

          PREET BHARARA
          United States Attorney

By: _____
          Jared Lenow
          Assistant United States Attorney
          (212) 637-1068

cc:    Neil Checkman, Esq. (by email)